# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5381 | **DATE** | 2/25/2011 |
| **CASE TITLE** | CHERYL MILLER *et al.* v. MARCIA KOZEL *et al.* | | |

**DOCKET ENTRY TEXT**

Plaintiffs' motion to file an amended complaint [49] is granted in part. Plaintiff may file a second amended complaint by March 9, 2011. Defendants shall answer or otherwise plead to the second amended complaint by March 22, 2011. All previously set dates stand. **SEE BELOW FOR DETAILS.**

*/s/ Suzanne B. Conlon*

■ [ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Cheryl Miller seeks leave to file an amended complaint. She sues on her own behalf and for the estate of her son, Jamal Miller, who committed suicide by hanging himself from his bed while in custody as the Illinois Youth Center in St. Charles, Illinois, shortly after being transferred from a facility in Kewanee, Illinois. The proposed amended complaint purports to correct deficiencies identified by the order dismissing some of her claims. *See* Dkt. Nos. 35–36.

Miller may amend her complaint only with written consent from defendants or leave of the court. FED. R. CIV. P. 15(a). Leave is freely given if justice requires. *Id.* 15(a)(2). However, leave may be denied if the amendment would be futile. *Stayart v. Yahoo! Inc.*, 623 F.3d 436, 439 (7th Cir. 2010). Plaintiff fails to state a claim if the allegations do not plausibly suggest she has a right to relief. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010).

Count I is an Eighth Amendment deliberate indifference claim under 42 U.S.C. § 1983 against the Drs. Jolene Harbaugh, Jennifer Jaworski, Millikarjuna Kanneganti, and Victor Kersey and juvenile justice specialists ("JJSs") Marcia Kozel and Natalie Finley. Defendants object to this count only to the extent Miller relies on the Fifth and Fourteenth Amendments. Miller agrees. All references to the Fifth Amendment are stricken. The Fourteenth Amendment is applicable only as the vehicle through which the Eighth Amendment applies to the states. *See Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005).

Count II is a claim titled "Section 1983 Supervisory Liability" against St. Charles Superintendent Bobby Moore, Kewanee Superintendent Lisa Nordstrom, and Illinois Department of Juvenile Justice Director Kurt Friedenauer. Section 1983 does not allow for *respondeat superior* liability. *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010). Miller must allege each defendant had personal involvement by facilitating, approving,

| | Courtroom Deputy Initials: | AIR |
|---|---|---|

condoning, or turning a blind eye to a constitutional violation. *Trentadue v. Redmon*, 619 F.3d 648, 652 (7th Cir. 2010). Defendants argue Miller does not allege these defendants were personally involved in Jamal's care. In her response, Miller limits this count to allegations concerning the type of bed used in the St. Charles facility. She argues the amended complaint adequately alleges that, given the high incidence among juvenile detainees of attempted and completed suicides involving this type of bed, defendants were deliberately indifferent to an unreasonably dangerous condition of confinement. Miller has stated a deliberate indifference claim against St. Charles Superintendent Moore and Director Freidenauer. Miller plausibly alleges the risk of suicide among detained juveniles is so substantial that defendants must take reasonable steps to prevent harm. *See Collins v. Seeman*, 462 F.3d 757, 760–61 (7th Cir. 2006). According to Miller, one reasonable step would be use of a different type of bed. By virtue of their positions, Moore and Freidenauer would likely know about previous suicides and attempts and would have a say in the beds used in the facility.

The same cannot be said for Kewanee Superintendent Nordstrom. Miller argues she can be held responsible for not preventing Jamal's transfer to St. Charles. However, the complaint alleges no personal involvement on Nordstrom's part in either the transfer decision or the choice of beds at St. Charles. Miller is denied leave to file an amended complaint against Nordstrom.

Count III is a state law wrongful death action for medical malpractice against Drs. Harbaugh, Jaworski, Kanneganti, and Kersey. Miller filed a doctor's report as required by Illinois law. 735 ILCS 5/2-622 (West 1994). Defendants contend the report is deficient as to some of the doctors. The statute requires Miller to file "a separate certificate and written report . . . as to each defendant." *Id.* 5/2-622(b). "A single report, however, may suffice as to multiple defendants if the report is sufficiently broad, adequately discussing the deficiencies in the medical care rendered by each defendant and containing reasons in support of the conclusion that a reasonable and meritorious cause exists for filing an action against each defendant." *Cammon v. W. Suburban Hosp. Med. Ctr.*, 704 N.E.2d 731, 738 (Ill. App. Ct. 1998). The doctor's report is sufficient only as to Dr. Kanneganti, the doctor who allegedly discontinued Jamal's medication and treated him at St. Charles. The report traces Jamal's mental health history and the treatment he received while detained. The report identifies two areas of potential malpractice: Jamal's medication should not have been stopped, and concerns about the beds used at St. Charles. The report does not challenge the transfer decision. The amended complaint alleges no involvement by Drs. Kersey, Harbaugh, and Jaworski after Jamal was transferred to St. Charles. Because the doctor's report does not challenge the transfer decision, these doctors are not liable for that decision. The report does not challenge Kersey's conclusion that Jamal's primary problem was criminality not mental illness, take issue with the psychiatric report cosigned by Harbaugh, or mention how Jaworski was involved with Jamal's treatment. Miller may file an amended complaint only as to Dr. Kanneganti.

Count IV is a claim against JJS Finley for intentional infliction of emotional distress. The amended complaint alleges Finley upset Jamal the day before he died by making derogatory comments about his family. Finley argues she is entitled to state sovereign immunity. Federal courts follow state rules of immunity for state law claims. *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003). A suit against the state may proceed only in the Illinois Court of Claims. 705 ILCS 505/8(d); *Loman v. Freeman*, 890 N.E.2d 446, 452-53 (Ill. 2008). A suit nominally against a state employee is actually against the state if (1) the complaint does not allege the employee acted beyond the scope of her authority through wrongful acts; (2) the duty allegedly breached was not owed to the public generally independent of state employment; and (3) the employee's actions involve matters ordinarily within her normal and official duties. *Jinkins v. Lee*, 807 N.E.2d 411, 418 (Ill. 2004).

It is unclear whether JJS Finley is focusing on prong one—the scope-of-authority test—or prong two—the source-of-duty test. She conflates the two. Nevertheless, she does not contest that Finley was acting

| STATEMENT |
|---|
| within the scope of her authority. Rather, she asserts Finley breached a duty not to engage in extreme, outrageous conduct. It is not enough for Miller to identify a general, common law duty applicable to all. She must identify a duty owed by virtue of a special status or a statutory duty applicable to the general public. *See Sellers v. Rudert*, 918 N.E.2d 586, 593–94 (Ill. App. Ct. 2009). Miller has not identified such a duty. She is denied leave to file Count IV.<br><br>*Suzanne B. Conlon* |